# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

RAYSHAN WATLEY,                                     Case No. 1:00-cv-928

      Plaintiff,                                    Beckwith, J.
                                                    Bowman, M.J.

      v.

WARDEN HAROLD CARTER, et al.,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at the Ohio State Penitentiary in Youngstown, Ohio, has filed a motion in this long-closed case.[1] In his motion (Doc. 75), Plaintiff essentially seeks relief from the obligation to pay the full filing fee, previously ordered by this Court in accordance with the Prison Litigation Reform Act of 1995 ("PLRA"), *see* 28 U.S.C. § 1915(b)(1)-(2).

Soon after adoption of the PLRA, the Sixth Circuit held that the payment obligation attaches when a prisoner files a non-habeas civil complaint and is not obviated by the subsequent dismissal of the complaint. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (implicitly overruled on separate grounds in part by

---

[1]This case has been closed since October 10, 2001. Cm/ecf electronic case filing records reflect that Mr. Watley has initiated suit in approximately 20 other civil cases in this Court, and has filed identical motions in multiple closed cases. In fact, the instant motion identifies 14 cases in which Plaintiff has filed motions on the same day, seeking the same relief. In light of the identical issues, this Report and Recommendation has drawn liberally from Judge Spiegel's recent analysis in *Watley v. Collins*, Civil Case No. 1:06-cv-794-SAS-KLL, Doc. 8 (January 15, 2013 Order denying identical motion). Pursuant to the orders of reference recently entered by Senior District Judge Beckwith, three additional Reports and Recommendations have been filed in Civil Case Nos. 1:01-cv-222, 1:01-cv-622, and 1:02-cv-244. All of the remaining identical motions filed by Plaintiff in other closed cases have previously been denied.

*Jones v. Bock*, 549 U.S. 199 (U.S. 2007), and explicitly overruled by *LaFountain v. Harry*, 2013 WL 2221569, ___F.3d___ (6th Cir. May 22, 2013)).  Although portions of *McGore* have since been modified and/or overruled, the referenced holding has not.  In a subsequent case, *In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002), the Sixth Circuit re-iterated that even a voluntary dismissal does not eliminate a prisoner's obligation to pay the required filing fee, because the financial obligation under the statute attaches at the moment that the complaint is filed.  For that reason, subsequent dismissal of the case has no impact upon the prisoner's financial responsibility. *Id.* (citing *McGore,* 114 F.3d at 607)*; cf. Goins v. Decaro*, 241 F.3d 260, 261 (2nd Cir. 2001)("The PLRA makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness in the event an appeal is withdrawn. That is not surprising, since a congressional objective in enacting the PLRA was to make all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.") (internal quotation and citation omitted).

In a number of cases, Plaintiff's claims have been dismissed under the three-strikes provision set forth in 28 U.S.C. §1915(g), but the same mandate applies.  As the Sixth Circuit explained in the *Alea* case:

> Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair. A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions - whatever their merit or disposition - will provide a prisoner with the incentive to consider carefully whether or not to submit a

new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints - thus taking much valuable time away from other non-frivolous litigation - without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

See *In re Alea*, 286 F.3d at 382.  In the instant case, some claims were dismissed on initial screening (Doc. 4), while summary judgment was granted to the Defendants on the remaining claims.  (Doc. 63).  Due to the age of this case, the Court's order granting summary judgment is no longer readily accessible to the undersigned for review of the precise grounds on which judgment was granted, but the basis for judgment is irrelevant in light of Plaintiff's continuing obligation to pay the full filing fee.

## II.  Conclusion and Recommendation

As a prisoner subject to the PLRA, Plaintiff cannot escape the financial obligation that requires him to pay the full, filing fee in this case, despite its dismissal more than a decade ago.  The undersigned would add only that, in the interest of expediency and conservation of judicial resources, potential issues limiting the jurisdictional authority to consider the instant motion have not been fully considered.  Regardless, because Plaintiff clearly is entitled to no relief from the statutory requirement of paying the full filing fee, **IT IS RECOMMENDED THAT** his motion to vacate the Court's prior order regarding the payment of fees (Doc. 75) be **DENIED.**

*s/Stephanie Bowman*
Stephanie K. Bowman
United States Magistrate Judge

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

RAYSHAN WATLEY,                                          Case No. 1:00-cv-928

     Plaintiff,                                        Beckwith, J.
                                                        Bowman, M.J.

     v.

WARDEN HAROLD CARTER, et al.,

     Defendants.


**NOTICE**

     Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4